**DEANNE CASPERSON (ISB No. 6698)**
dcasperson@workandwage.com
**RYAN S. DUSTIN (ISB No. 8683)**
rdustin@workandwage.com
CASPERSON & DUSTIN PLLC
356 W. Sunnyside Road, Suite B
Idaho Falls, Idaho 83402
Telephone: (208) 524-0566
Fax: (208) 745-2523
Local Counsel for Plaintiff

**EMANUEL KATAEV, ESQ. (N.Y. Reg. No. 5154588)**
SAGE LEGAL LLC | emanuel@sagelegal.nyc
18211 Jamaica Avenue, Jamaica, New York 11423-2327
Telephone: (718) 412-2421 | Facsimile: (718) 489-4155
Counsel for Plaintiff (*pro hac vice* application forthcoming)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| **VÍCTOR ALFONSO TARAZONA CASTRO, on behalf of himself and all others similarly situated,**<br><br>Plaintiff,<br>v.<br><br>**J&A OILFIELD SERVICES LLC and JAIME VAZQUEZ,**<br><br>Defendants. | **Case No.**<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT DEMAND FOR JURY TRIAL** |

Plaintiff Víctor Alfonso Tarazona Castro ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned counsel, upon personal knowledge as to himself and upon information and belief as to all other matters, brings this Class and Collective Action Complaint against Defendants J&A Oilfield Services LLC ("J&A" or the "Corporate Defendant") and Jaime Vazquez ("Vazquez" or the "Individual Defendant") (collectively, "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. This is a wage-and-hour action arising from Defendants' complete failure to pay Plaintiff for fiber-optic installation work that he performed in Idaho from approximately July 24, 2024 through August 13, 2024.

2. Defendants agreed to compensate Plaintiff at a piece rate of $5.00 for each foot of fiber-optic cable that he installed, controlled the work and the manner in which it was performed, accepted the benefit of Plaintiff's labor, and nevertheless paid him nothing.

3. Plaintiff typically worked approximately fifty (50) hours per week.

4. The piece-rate arrangement did not exempt Plaintiff from federal or Idaho minimum-wage requirements or from the Fair Labor Standards Act's overtime requirement.

5. Defendants failed to pay Plaintiff any straight-time compensation, any statutory minimum wages, or any overtime premium.

6. Plaintiff's records and calculations reflect at least approximately $14,950.00 in agreed compensation due, subject to Defendants' records and discovery.

7. Plaintiff seeks unpaid minimum wages and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"); unpaid minimum wages under the Idaho Minimum Wage Law, Idaho Code § 44-1501 *et seq.* ("IMWL"); unpaid agreed and final wages under the Idaho Wage Claim Act, Idaho Code § 45-601 *et seq.* ("IWCA"); and, in the alternative, relief for breach of contract, unjust enrichment, and/or *quantum meruit*.

8. Plaintiff brings his FLSA claims for himself and a narrowly defined collective of similarly situated Idaho installation workers under 29 U.S.C. § 216(b). Plaintiff also brings his IMWL and IWCA claims for himself and the proposed Idaho classes defined below under Rule 23 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule").

## JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

10. This Court has supplemental jurisdiction over Plaintiff's Idaho statutory and common-law claims under 28 U.S.C. § 1367 because those claims arise from the same employment relationship, work, compensation practices, and nonpayment as the FLSA claims and form part of the same case or controversy.

11. This Court has personal jurisdiction over Defendants because Defendants purposefully employed Plaintiff to perform work in Idaho, directed and benefited from that Idaho work, and caused the wage injuries alleged in this action in Idaho.

12. Venue is proper in the District of Idaho under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District, including Plaintiff's performance of unpaid work and Defendants' failure to pay for that work.

13. The Southern Division is the appropriate divisional venue under District of Idaho Local Civil Rule 3.1 because Plaintiff performed substantial work in Caldwell and Nampa, Idaho, both of which are located in Canyon County within the Southern Division.

14. At all relevant times, J&A was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(r) and 203(s).

15. Upon information and belief, J&A had annual gross volume of sales made or business done of not less than $500,000.00.

16. Plaintiff also was individually engaged in commerce within the meaning of the FLSA because his work installing and handling fiber-optic communications infrastructure was

directly and vitally related to interstate communications and because he used, handled, and worked on goods, materials, and instrumentalities that moved in interstate commerce.

17. Plaintiff's installation duties were manual, nonmanagerial, and nonexempt.

18. No exemption from the minimum-wage or overtime provisions of the FLSA or IMWL applied to Plaintiff.

**PARTIES**

19. Plaintiff is an adult individual who, at all relevant times, resided in Salt Lake County, Utah.

20. Plaintiff worked for Defendants in Idaho from approximately July 24, 2024 through August 13, 2024 as a fiber-optic cable installer.

21. J&A is a limited liability company organized under the laws of Wyoming with a principal business address at 2701 Cloud Court, Rock Springs, Wyoming 82901.

22. J&A employed installation and field workers, including Plaintiff, on projects outside Wyoming, including fiber-optic installation projects in Idaho.

23. Upon information and belief, Vazquez is an adult individual residing in Wyoming and, at all relevant times, was an owner, member, manager, or principal of J&A.

24. Vazquez exercised operational control over J&A and over Plaintiff's employment.

25. Among other things, Vazquez had authority over hiring and firing, work assignments, schedules, supervision, compensation rates, payroll practices, recordkeeping, and payment of wages.

26. Vazquez participated in or approved the agreement to pay Plaintiff $5.00 per installed foot, knew the amount and nature of Plaintiff's work, controlled whether Plaintiff would be paid, and communicated or caused communications concerning payment of Plaintiff's wages.

27. J&A and Vazquez each suffered or permitted Plaintiff to work and acted directly or indirectly in the interest of an employer in relation to Plaintiff.

28. Under the economic realities of the relationship, J&A and Vazquez were Plaintiff's joint employers under 29 U.S.C. § 203(d) and are jointly and severally liable for the FLSA violations alleged in this Complaint.

29. J&A and Vazquez also were employers within the meaning of Idaho Code §§ 44-1501 and 45-601 because each employed, suffered, or permitted Plaintiff to work and exercised control over the employment and payment relationship.

30. At all relevant times, each Defendant acted through its or his owners, members, managers, supervisors, employees, and agents, and each acted within the course and scope of that relationship and for the benefit of Defendants.

**FACTUAL ALLEGATIONS**

31. Defendants hired Plaintiff on or about July 24, 2024 to install fiber-optic cable for Defendants and their customers on projects in Idaho.

32. Plaintiff performed installation and related manual labor in and around Caldwell and Nampa, Idaho, and at other Idaho work locations assigned by Defendants.

33. Plaintiff's work was integral to Defendants' installation operations and was performed for Defendants' benefit and for the benefit of their customers or upstream contractors.

34. Defendants controlled Plaintiff's assignments, job locations, expected schedule, performance requirements, and compensation arrangement. Plaintiff was not operating an independent installation business, did not negotiate separate project prices with Defendants' customers, and did not control Defendants' opportunity for profit or loss.

35. Defendants agreed to pay Plaintiff $5.00 for each foot of fiber-optic cable that he installed.

36. Compensation measured by task or piece is a wage under Idaho Code § 45-601(7), and payment on a piece-rate basis does not eliminate federal or state minimum-wage obligations or the FLSA overtime premium.

37. Plaintiff performed the assigned installation work, Defendants accepted the work, and Defendants or their customers received the benefit of it.

38. Plaintiff typically worked Monday through Friday and approximately fifty hours per week, including hours in excess of forty in at least one workweek.

39. Defendants knew or should have known the number of days and hours Plaintiff worked and the quantity of fiber-optic cable he installed because Defendants assigned and supervised the work and required or maintained production and project information.

40. Defendants were required to make, keep, and preserve accurate records of Plaintiff's hours, earnings, piece-rate production, and payments under the FLSA and applicable regulations.

41. Defendants failed to provide Plaintiff with complete and accurate records sufficient to determine all wages and overtime premiums due.

42. The precise hours, production quantities, regular rates, and amounts owed are within Defendants' possession and control.

43. Defendants did not pay Plaintiff any wages during his employment. Because Plaintiff received no wages, his effective hourly rate was zero dollars for the workweeks at issue, below the minimum wage required by the FLSA and the IMWL.

44. Defendants also did not pay Plaintiff the additional overtime premium required for hours worked over forty in a workweek.

45. For a piece-rate employee, the regular rate is calculated from total piece-rate earnings and total hours worked, and the employee is entitled to an additional one-half of that regular rate for each overtime hour when the piece earnings compensate only straight time.

46. Defendants paid neither the underlying piece earnings nor the required overtime premium.

47. Plaintiff's contemporaneous information and calculations show that Defendants owe at least approximately $14,950.00 in agreed piece-rate compensation, exclusive of statutory damages, overtime premiums, interest, attorneys' fees, and costs, subject to Defendants' records and proof at trial.

48. When payment was not forthcoming, Plaintiff repeatedly asked Defendants for the wages he had earned.

49. On or about August 13, 2024, Plaintiff informed Defendants that he could not continue working without being paid.

50. Defendants promised Plaintiff that payment would be made within approximately one week, but Defendants did not make that payment.

51. Defendants later asserted that an upstream contractor referred to as C2C was responsible for payment.

52. Upon information and belief, however, C2C paid or made funds available to Defendants for Plaintiff's work, and Defendants remained the parties that hired Plaintiff, promised his compensation, controlled the work, and were responsible for paying him.

53. Regardless of any arrangement between Defendants and C2C or another contractor, Plaintiff was not a party to an agreement relieving Defendants of their federal or Idaho wage obligations.

54. Upon Plaintiff's separation from employment, all earned wages were due no later than the next regularly scheduled payday or within ten days, as required by Idaho Code § 45-606.

55. Defendants did not pay those wages within either period.

56. Defendants continued to withhold all compensation even after Plaintiff and his representatives made written demands for payment.

57. Defendants' failure to pay any wages, their promise to pay after Plaintiff complained, their continued nonpayment after written demands, and their failure to maintain or provide accurate wage records demonstrate that the FLSA violations were knowing or reckless and therefore willful.

58. Defendants did not act in objective or subjective good faith and had no reasonable basis to believe that paying Plaintiff nothing for his work complied with federal or Idaho law.

59. As a direct result of Defendants' conduct, Plaintiff lost minimum wages, overtime premiums, promised piece-rate wages, and the use of those funds, and incurred litigation costs and attorneys' fees.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

60. Plaintiff brings the FLSA claims in Counts I and II as a collective action under 29 U.S.C. § 216(b) for himself and the following persons (the "FLSA Collective"): all current and former nonexempt installation or field workers whom Defendants employed to perform fiber-optic or communications installation work in Idaho during the three years preceding the filing of this

action, who were compensated or promised compensation on a piece-rate or other nonhourly basis, and who were not paid all required minimum wages or overtime premiums.

61. Plaintiff and the FLSA Collective members were similarly situated because they performed similar nonexempt installation or field work, were subject to common control by Defendants, and were paid or promised compensation under common piece-rate or nonhourly practices.

62. Upon information and belief, Defendants staffed installation projects with multiple workers and crews, and Plaintiff was not the only worker whose wages or overtime premiums Defendants failed to pay.

63. The FLSA Collective members were subject to one or more common policies or practices, including failing to convert piece-rate compensation to a regular hourly rate, failing to pay an overtime premium for hours over forty, failing to ensure payment of minimum wages in each workweek, and failing to pay wages timely.

64. The FLSA Collective members' claims share common issues of law and fact, including whether Defendants were joint employers, whether enterprise or individual coverage existed, whether the workers were employees rather than independent contractors, whether the work was nonexempt, how the regular rate should be calculated, whether Defendants failed to pay minimum wages and overtime premiums, and whether the violations were willful.

65. Defendants' time, production, project, crew, payroll, and payment records will identify the FLSA Collective members and permit common proof of Defendants' compensation practices and violations.

66. The names and contact information of the FLSA Collective members are known to Defendants but are not presently available to Plaintiff.

67. Court-authorized notice is appropriate so that similarly situated workers may learn of this action and make an informed decision whether to file written consents to join.

68. Plaintiff will fairly and adequately represent the FLSA Collective and has retained counsel experienced in employment and wage-and-hour litigation.

69. Plaintiff requests that the Court facilitate notice to the FLSA Collective and require Defendants to produce, in a usable electronic format, the names, last-known mailing addresses, email addresses, telephone numbers, dates of employment, job titles, and work locations of the FLSA Collective members.

## RULE 23 CLASS ACTION ALLEGATIONS

70. Plaintiff brings the Idaho statutory claims in Counts III and IV under Rule 23 on behalf of himself and the following proposed classes:

71. Idaho Wage Class: all persons whom Defendants employed to perform installation or field work in Idaho during the two years preceding the filing of this action and whom Defendants paid no wages for one or more pay periods or projects, including compensation measured on a time, task, piece, or commission basis.

72. Idaho Minimum-Wage Subclass: all members of the Idaho Wage Class whose wages in one or more workweeks, when divided by hours worked, were less than the applicable Idaho minimum wage.

73. Excluded from the proposed classes are Defendants; Defendants' owners, members, officers, and managers with responsibility for the challenged policies; the assigned judge and court staff; and any person who timely opts out of a certified class.

74. The exact number and identities of the proposed class members are presently unknown because the relevant payroll, time, production, project, and personnel records are controlled by Defendants.

75. Upon information and belief, the proposed classes are sufficiently numerous that joinder is impracticable.

76. Defendants staffed multiple projects and crews, the workforce changed over time, affected workers are geographically dispersed, and their individual claims are modest relative to the cost of separate litigation.

77. The proposed class members are ascertainable from objective criteria and Defendants' records, including work locations, job assignments, compensation methods, production records, time records, and payment records.

78. Questions of law and fact common to the proposed classes include:

(a) whether Defendants employed the class members within the meaning of Idaho law;

(b) whether Defendants failed to pay the class members all compensation due for labor or services, including piece-rate compensation;

(c) whether Defendants failed to pay final wages within the time required by Idaho Code § 45-606;

(d) whether Defendants paid the subclass members less than the Idaho minimum wage;

(e) whether Defendants' common records and practices establish unpaid wages on a classwide basis; and

(f) whether the class members are entitled to statutory penalties or treble damages, attorneys' fees, costs, and interest under Idaho law.

79. Plaintiff's claims are typical of the proposed classes because he performed the same type of installation work, was subject to the same piece-rate or nonhourly compensation practices, was paid no wages, and suffered the same types of injury as the class members.

80. Plaintiff will fairly and adequately protect the interests of the proposed classes.

81. His interests are aligned with the class members' interests, he has no conflict with them, and he has retained counsel capable of prosecuting this action.

82. Common questions predominate over individual questions because liability turns principally on Defendants' common compensation, recordkeeping, and payment practices.

83. Individual damages, if any, can be calculated from common records and formulas and do not defeat predominance.

84. A class action is superior to separate actions because it will conserve judicial resources, avoid inconsistent adjudications, permit efficient use of Defendants' common records, and make it economically feasible for workers with comparatively modest claims to obtain relief.

85. The proposed classes are therefore appropriate for certification under Rule 23(a) and Rule 23(b)(3).

## CAUSES OF ACTION
## COUNT I
## FAILURE TO PAY MINIMUM WAGES UNDER THE FLSA

86. Plaintiff repeats and realleges each preceding allegation as though fully set forth herein.

87. At all relevant times, Defendants were employers, Plaintiff and the FLSA Collective members were employees, and the employment was covered by the FLSA.

88. Section 6 of the FLSA, 29 U.S.C. § 206, required Defendants to pay Plaintiff and the FLSA Collective members at least the federal minimum wage for each hour worked.

89. Defendants paid Plaintiff no wages for the workweeks at issue, resulting in an effective hourly rate of zero dollars and a minimum-wage shortfall for every compensable hour.

90. Defendants also failed to ensure payment of the minimum wage to similarly situated workers under the common practices alleged above.

91. Defendants' violations were willful within the meaning of 29 U.S.C. § 255(a) because Defendants knew or showed reckless disregard for whether their failure to pay wages violated the FLSA.

92. Defendants cannot carry their burden under 29 U.S.C. § 260 to establish both subjective good faith and objectively reasonable grounds for paying no wages.

93. Under 29 U.S.C. § 216(b), Plaintiff and the FLSA Collective members are entitled to recover unpaid minimum wages, an equal amount as liquidated damages, reasonable attorneys' fees, and costs, together with all other relief allowed by law.

**COUNT II**
**FAILURE TO PAY OVERTIME COMPENSATION UNDER THE FLSA**

94. Plaintiff repeats and realleges each preceding allegation as though fully set forth herein.

95. Section 7 of the FLSA, 29 U.S.C. § 207(a), required Defendants to pay Plaintiff and the FLSA Collective members overtime compensation at one and one-half times the regular rate for hours worked over forty in a workweek.

96. Plaintiff typically worked approximately fifty hours per week and worked more than forty hours in one or more workweeks.

97. Under 29 C.F.R. § 778.111, a piece-rate employee's regular rate is determined by dividing total piece-rate earnings by total hours worked, and the employee is due an additional one-half of that regular rate for each overtime hour when piece earnings cover straight time for all hours.

98. Defendants failed to calculate Plaintiff's regular rate, failed to pay the underlying piece-rate compensation, and failed to pay any additional overtime premium for hours over forty.

99. Defendants applied the same or similar practices to the FLSA Collective members and thereby failed to pay them required overtime compensation.

100. Defendants' violations were willful within the meaning of 29 U.S.C. § 255(a) and were not the product of good faith or objectively reasonable grounds.

101. Under 29 U.S.C. § 216(b), Plaintiff and the FLSA Collective members are entitled to recover unpaid overtime compensation, an equal amount as liquidated damages, reasonable attorneys' fees, and costs, together with all other relief allowed by law.

## COUNT III
## FAILURE TO PAY IDAHO MINIMUM WAGES

102. Plaintiff repeats and realleges each preceding allegation as though fully set forth herein.

103. At all relevant times, Defendants were employers and Plaintiff and the Idaho Minimum-Wage Subclass members were employees within the meaning of the IMWL.

104. Idaho Code § 44-1502 required Defendants to pay at least the applicable Idaho minimum wage for every hour worked.

105. Idaho Code § 45-606(2) separately required a nonhourly employee, upon separation, to receive at least the applicable minimum wage for all hours worked in the immediately preceding pay period within the statutory payment period.

106. Defendants paid Plaintiff no wages and therefore paid him less than the Idaho minimum wage for every hour worked.

107. Defendants likewise failed to pay the Idaho Minimum-Wage Subclass members the applicable minimum wage under the common practices alleged above.

108. Under Idaho Code § 44-1508(2), unpaid minimum wages may be treated as wages due and owing under Chapter 6 of Title 45.

109. Plaintiff and the Idaho Minimum-Wage Subclass are entitled to recover the greater of (a) unpaid minimum wages plus applicable statutory penalties or (b) three times the unpaid minimum wages, together with reasonable attorneys' fees, costs, interest, and other relief under Idaho Code §§ 44-1508 and 45-615, without duplicative recovery.

## COUNT IV
## FAILURE TO PAY AGREED AND FINAL WAGES UNDER THE IDAHO WAGE CLAIM ACT

110. Plaintiff repeats and realleges each preceding allegation as though fully set forth herein.

111. At all relevant times, Defendants were employers and Plaintiff and the Idaho Wage Class members were employees within the meaning of Idaho Code § 45-601.

112. The IWCA defines wages to include compensation for labor or services determined on a time, task, piece, or commission basis. Idaho Code § 45-601(7).

113. Defendants agreed to pay Plaintiff $5.00 for each foot of fiber-optic cable that he installed, and Plaintiff earned that compensation by performing and completing the assigned work.

114. Plaintiff's earned but unpaid piece-rate compensation was at least approximately $14,950.00, subject to Defendants' records and proof at trial.

115. Under Idaho Code § 45-606, all earned wages were due no later than the earlier of the next regularly scheduled payday or ten days after Plaintiff's separation.

116. Defendants did not pay those wages.

117. Defendants likewise failed to pay the Idaho Wage Class members all compensation due for their labor or services and failed to pay final wages timely under the common practices alleged above.

118. Idaho Code § 45-615 authorizes Plaintiff and the Idaho Wage Class members to assert their wage claims in this Court.

119. Plaintiff and the Idaho Wage Class members are entitled to recover the greater of their unpaid wages plus statutory penalties or three times the unpaid wages, together with reasonable attorneys' fees, costs, interest, and other relief allowed by law, without duplicative recovery.

## COUNT V
## BREACH OF CONTRACT - PLEADED IN THE ALTERNATIVE

120. Plaintiff repeats and realleges each preceding allegation as though fully set forth herein, and pleads this claim in the alternative under Rule 8(d).

121. If Defendants contend that Plaintiff was not an employee protected by one or more wage statutes, Defendants nevertheless entered into an express or implied-in-fact agreement with Plaintiff under which Plaintiff would perform fiber-optic installation work and Defendants would pay him $5.00 per installed foot.

122. Plaintiff accepted the agreement and fully performed his obligations by completing the installation work assigned and accepted by Defendants.

123. Defendants breached the agreement by failing to pay Plaintiff the agreed compensation when due.

124. As a direct and foreseeable result of the breach, Plaintiff suffered damages of at least approximately $14,950.00, subject to Defendants' records and proof at trial, plus prejudgment interest and other recoverable contract damages.

125. Plaintiff seeks reasonable attorneys' fees and costs to the extent authorized by Idaho Code § 12-120 or other applicable law.

**COUNT VI**
**UNJUST ENRICHMENT AND QUANTUM MERUIT - PLEADED IN THE ALTERNATIVE**

126. Plaintiff repeats and realleges each preceding allegation as though fully set forth herein, and pleads this claim in the alternative under Rule 8(d).

127. If no enforceable agreement governs the compensation at issue, Plaintiff conferred a measurable benefit on Defendants by performing fiber-optic installation work that Defendants accepted, used, billed, or caused to be billed for their own benefit.

128. Defendants knew of and appreciated the benefit because they hired or assigned Plaintiff, directed or supervised his work, received production or project information, and promised payment after Plaintiff complained.

129. It would be inequitable for Defendants to retain the benefit of Plaintiff's labor and any associated customer or contractor payments while paying Plaintiff nothing.

130. Plaintiff is entitled to restitution or the reasonable value of his services in an amount to be determined at trial, including at least approximately $14,950.00 based on the parties' agreed piece rate and Plaintiff's work, without duplicative recovery.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed FLSA Collective and Rule 23 classes, respectfully requests that the Court enter judgment in his favor and grant the following relief:

(a) Authorize this action to proceed as a collective action under 29 U.S.C. § 216(b), approve prompt notice to the FLSA Collective, and require Defendants to produce the contact and employment information necessary to provide notice;

(b) Certify the proposed Idaho Wage Class and Idaho Minimum-Wage Subclass under Rule 23(b)(3), appoint Plaintiff as class representative, and appoint Plaintiff's counsel as class counsel;

(c) Award Plaintiff and the FLSA Collective members all unpaid minimum wages and overtime compensation due under the FLSA;

(d) Award liquidated damages under 29 U.S.C. § 216(b) equal to the unpaid minimum wages and overtime compensation;

(e) Award Plaintiff and the Rule 23 class members the greater of (i) unpaid Idaho minimum wages, agreed wages, and final wages plus applicable statutory penalties or (ii) three times those unpaid wages under Idaho Code § 45-615;

(f) Award Plaintiff, in the alternative and without duplicative recovery, his contract damages or restitution and quantum-meruit recovery;

(g) Award prejudgment and post-judgment interest to the fullest extent permitted by law, without duplicative recovery of interest and liquidated damages for the same injury;

(h) Award Plaintiff and the represented workers their reasonable attorneys' fees, litigation expenses, and costs under 29 U.S.C. § 216(b), Idaho Code § 45-615, and all other applicable law; and

(i) Grant such other and further legal or equitable relief as the Court deems just, equitable, and proper.

**DEMAND FOR JURY TRIAL**

131. Pursuant to Rule 38 and District of Idaho Local Civil Rule 38.1, Plaintiff demands a trial by jury on all issues so triable.

DATED this 13th day of August 2026.

/s/ ______________________________
DeAnne Casperson
CASPERSON ULRICH DUSTIN PLLC